United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Antonio Damarcus Woodson, Plaintiff <br><br> v. <br><br> State of Florida, Defendant. | ) <br> ) <br> ) <br> ) Civil Action No. 23-20481-Civ-Scola <br> ) <br> ) <br> ) |

**Order Denying Motion to Proceed *In Forma Pauperis* and Order Dismissing Complaint**

Before the Court is Plaintiff Antonio Damarcus Woodson's complaint (ECF No. 1) and motion for leave to proceed *in forma pauperis* (ECF No. 3). Mr. Woodson, who is proceeding *pro se*, has not paid the required filing fee. Therefore, the screening provisions of 28 U.S.C. § 1915(e) apply. *See Rehnerger v. Henry Cty., Ga.*, 577 F. App'x 937, 938 (11th Cir. 2014) (holding that 28 U.S.C. § 1915(e) applies to all IFP proceedings). Section 1915(e)(2)(B) permits a court to dismiss a suit "any time [] the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

As an initial matter, the Court notes that Mr. Woodson does not provide sufficient information to allow it to determine whether he is, in fact, a pauper. Specifically, while Mr. Woodson filed an AO 240 Application to Proceed in the District Court Without Prepaying Fees or Costs (Short Form), he did not actually provide any of the information required by the form. Instead, he filled it out by writing "not applicable" throughout. (ECF No. 3.) As a result, the Court is unable to determine whether Mr. Woodson is financially eligible to proceed *in forma pauperis*. Regardless, upon a review of the complaint, the Court finds it entirely deficient, and concludes that it must be dismissed because it is frivolous and fails to state a claim on which relief may be granted.[1]

---

[1] The Court notes that Mr. Woodson's complaint is also likely subject to dismissal as seeking monetary relief against defendants who are immune from such relief. Mr. Woodson seeks monetary damages in the billions of dollars. (*See* Compl. 28–29, ECF No. 1 ("The **total Amount of Damages and Restitution,** justifiably, sought is . . . **$24,942,000,000.00**[.]") (emphasis in original).) In addition, he lists over eighty Defendants, including, for example, both Florida state and federal judges. (*Id.* at 4–8.) However, the nature of his complaint is such that it is impossible to determine definitively from which Defendants he is seeking which forms of relief. Because the Court concludes that the complaint must be dismissed as a frivolous, deficient

While Courts must "construe *pro se* pleadings liberally, holding them to a less stringent standard than those drafted by attorneys," *Arrington v. Green*, 757 F. App'x 796, 797 (11th Cir. 2018), a litigant's *pro se* status "generally will not excuse mistakes he makes regarding procedural rules," *Mickens v. Tenth Judicial Cir.*, 181 Fed. App'x 865, 875 (11th Cir. 2006). Thus, a *pro se* party must still abide by Federal Rule of Civil Procedure 8(a)(2), which requires that a pleading contain a "short and plain statement of the claim" showing the pleader is entitled to relief. *See Barmapov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021). This means that even *pro se* litigants must meet minimal pleading standards and allege the essential elements of their claims for relief.

Specifically, although a pleading need only contain a short and plain statement of the claim showing entitlement to relief, a plaintiff must provide more than labels, conclusions, or a formulaic recitation of the cause of action's elements. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 561-63 (2007). In other words, he must articulate "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. The Court need not accept legal conclusions or threadbare recitals of the elements of a cause of action supported by conclusory statements as true. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A shotgun pleading is defined by "the failure to identify claims with sufficient clarity to enable the defendant to frame a responsive pleading." *Beckwith v. Bellsouth Telecomms., Inc.*, 146 F. App'x 368, 371 (11th Cir. 2005); *see also Lozano v. Prummell*, No. 2:22-cv-600-JES-KCD, 2022 U.S. Dist. LEXIS 171916, at *3-4 (M.D. Fla. Sep. 22, 2022) ("A 'shotgun pleading' is one that lacks the minimum clarity, brevity, or coherence required by Rules 8 and 10 of the Federal Rules of Civil Procedure."). The Eleventh Circuit has unequivocally condemned shotgun pleadings. *See Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1357 (11th Cir. 2018) ("[W]e have condemned shotgun pleadings time and again, and this is why we have repeatedly held that a District Court retains authority to dismiss a shotgun pleading on that basis alone.").

The complaint here is brought against more than eighty Defendants, cites to an indefinite number of federal and state statutes and constitutional provisions, and seeks over twenty-four billion dollars in damages, among other forms of relief. (ECF No. 1.) It does not give fair notice of the facts upon which Mr. Woodson's claims are based, or, for that matter, provide any facts at all. Instead, it is replete with conclusory labels for legal principles and causes of action. Because the complaint contains little to no organization, it is impossible

---

pleading, it need not determine whether the complaint is also subject to dismissal on this third ground.

to determine which statutes and requests for relief relate to which Defendants. In short, Mr. Woodson's complaint is a quintessential shotgun pleading.

Indeed, because Mr. Woodson seems to have deemed it necessary to reference every legal provision and official with which he is familiar, it is practically impossible for the Court to determine with any certainty what exactly his grievance is. As best the Court can tell, Mr. Woodson is seeking to invalidate two separate Florida state court convictions because they were charged by information as opposed to by a grand jury. Yet, Mr. Woodson's shotgun pleading prevents the Court from conducting any meaningful review of his allegations and fails to state a claim whatsoever. Aside from including the U.S. Constitution among the many other legal authorities he cites, Mr. Woodson fails to provide any discernible basis for why he is entitled to any form of relief from his state-court indictments by information.

Accordingly, it is **ordered and adjudged** that Mr. Woodson's complaint (**ECF No. 1**) is **dismissed without prejudice** as a frivolous shotgun pleading that fails to state a claim on which relief may be granted. Further, Mr. Woodson's motion for leave to proceed *in forma pauperis* (**ECF No. 3**) is **denied as moot**. The Clerk is **directed** to **close** this case.

**Done and ordered** at Miami, Florida on March 3, 2023.

Robert N. Scola, Jr.
United States District Judge